# United States Court of Appeals for the Fifth Circuit

———————————

No. 25-10576

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

January 13, 2026

Lyle W. Cayce
Clerk

Michael D. Jones,

*Plaintiff—Appellant*,

*versus*

Angel O. Torres, Jr.,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:24-CV-3099

———————————————————————

Before Stewart, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Michael D. Jones seeks leave to proceed in forma pauperis (IFP) in this appeal of the district court's denial of his motion for a default judgment and the sua sponte dismissal of his civil action for failure to state a claim on which relief may be granted. Jones's IFP motion is a challenge to the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-10576

Jones fails to address the district court's denial of his motion for a default judgment. Although pro se filings are afforded liberal construction, even pro se parties must brief arguments in order to preserve them. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Due to Jones's failure to brief the relevant issue, any challenge to the denial of the motion for a default judgment is deemed abandoned. *See Yohey*, 985 F.2d at 224-25; *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Although his brief lacks clarity, Jones seemingly contends that, in state court proceedings against the defendant, Angel O. Torres, Jr., the state trial court made erroneous evidentiary rulings and there were omissions in the record provided to the state appellate court. To the extent this argument may be liberally construed as a challenge to the district court's dismissal of Jones's civil action, it fails because "'federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts.'" *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004) (citation omitted).

In view of the foregoing, the appeal lacks arguable merit. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.